IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY MILTON BOONE #337704<br>Plaintiff,<br>vs.<br>WARDEN J. PHILLIP MORGAN<br>Defendant. | *<br><br>*<br><br>*<br>*** | <br><br>CIVIL ACTION NO. CCB-09-3335 |

MEMORANDUM

**Background**

Plaintiff Timothy Milton Boone ("Boone"), an inmate confined at the Western Correctional Institution ("WCI"), originally filed a "motion for assistance and judicial review" with the court complaining that Warden Morgan was dismissing his administrative remedies or "informal complaints" without proper investigation and was conspiring to allow WCI staff to "use racial profiling within [sic] threaten tactics" towards him for no reason other than his exercising his administrative remedy rights against WCI officials. ECF No. 1. The motion was construed as a 42 U.S.C. § 1983 civil rights action. In his court-ordered supplemental complaint seeking damages Boone complains that the Warden failed to respond to his informal complaint regarding the taking of his kufi and the violation of his First Amendment right to freely exercise his religion. ECF No. 4. He alleges that while on WCI disciplinary segregation his religious items—kufis and cloth prayer rug-- were taken and destroyed and he was told by the chaplain that the only religious item he could have on "lockup" was a soft bound version of the Holy Qur'an. *Id.* He claims that the WCI policy for allowable property on disciplinary segregation is unreasonable,[1] rigid, and violates his right to

---

[1] Boone also complains that his television, fan, radio and articles of clothing and footwear were

1

practice his religion.[2]

## Dispositive Filings

Now pending is the defendants' unopposed motion to dismiss or, in the alternative, motion for summary judgment.[3] ECF No. 17. Oral hearing is not needed. *See* Local Rule 105.6. (D. Md. 2010).

## Standard of Review

Fed. R. Civ. P. 56(c)(2) provides that:

> [Summary judgment] sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

---

wrongfully destroyed while he was confined on disciplinary segregation in 2007. ECF No. 4 at p. 9.

[2] An attachment to the supplemental complaint shows that Boone successfully grieved part of his remedy regarding the taking of his kufi and prayer rug ECF No. 4 at Attachment. The Warden was instructed to return or compensate Boone for his headgear and to "facilitate changes" to institutional directives to allow for religious headgear on segregation units. *Id.*

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 9, 2010, Boone was placed on notice that he was entitled to file an opposition response, with materials in support thereof. ECF No. 19. On October 13, 2010, Boone's motion for appointment of counsel was denied and he was directed to file any opposition material within twenty-one days. ECF No. 21. No response has been filed.

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court should "view the evidence in the light most favorable to...the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380 (quoting Fed. R. Civ. P. 56(c)).

**Analysis**

Boone's original complaint focuses on the general processing of his administrative remedy procedure ("ARP") grievances. His supplemental complaint raises a First Amendment religious exercise claim and a Fourteenth Amendment due process claim regarding the taking of his property. Warden Morgan's response only addresses the grounds raised in the original complaint. He argues, and it remains uncontroverted, that Boone filed twenty-nine ARPs while confined at WCI and they were all handled according to directives. Six ARPS were withdrawn, nine were dismissed for administrative reasons, eleven were investigated and dismissed, and two remain under investigation. ECF No. 17, Ex. A at Shimko Decl. and attached exhibits. Morgan claims that Boone has not filed any grievance alleging that WCI officials are forcing him to sign off on his ARPs or that his ARPS are being improperly investigated. *Id*.

Morgan argues that the complaint is subject to dismissal because Boone has failed to: state a claim of personal or supervisory liability or show alleged damages caused by Morgan's behavior; offer facts in support of his claim of a conspiracy; and show he has a constitutional right to an administrative remedy and demonstrated exhaustion of his remedies. Based upon the unopposed record, arguments and applicable law and statute, the court concurs.

To the extent Boone complains that Morgan is subject to liability under 42 U.S.C. § 1983 based upon the decision-making process affecting WCI ARPs, the court finds no constitutional claim. Boone has no constitutional right to an administrative remedy or grievance process, whether or not it is established by a state agency. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, he has failed to show damages or injury from the alleged handling of his grievances.

In addition, no personal liability has been established against Morgan. To establish supervisory liability on the part of the Warden, Boone must show that: (1) the Warden had actual or

Boone's original complaint focuses on the general processing of his administrative remedy procedure ("ARP") grievances. His supplemental complaint raises a First Amendment religious exercise claim and a Fourteenth Amendment due process claim regarding the taking of his property. Warden Morgan's response only addresses the grounds raised in the original complaint. He argues, and it remains uncontroverted, that Boone filed twenty-nine ARPs while confined at WCI and they were all handled according to directives. Six ARPS were withdrawn, nine were dismissed for administrative reasons, eleven were investigated and dismissed, and two remain under investigation. ECF No. 17, Ex. A at Shimko Decl. and attached exhibits. Morgan claims that Boone has not filed any grievance alleging that WCI officials are forcing him to sign off on his ARPs or that his ARPS are being improperly investigated. *Id*.

Morgan argues that the complaint is subject to dismissal because Boone has failed to: state a claim of personal or supervisory liability or show alleged damages caused by Morgan's behavior; offer facts in support of his claim of a conspiracy; and show he has a constitutional right to an administrative remedy and demonstrated exhaustion of his remedies. Based upon the unopposed record, arguments and applicable law and statute, the court concurs.

To the extent Boone complains that Morgan is subject to liability under 42 U.S.C. § 1983 based upon the decision-making process affecting WCI ARPs, the court finds no constitutional claim. Boone has no constitutional right to an administrative remedy or grievance process, whether or not it is established by a state agency. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, he has failed to show damages or injury from the alleged handling of his grievances.

In addition, no personal liability has been established against Morgan. To establish supervisory liability on the part of the Warden, Boone must show that: (1) the Warden had actual or

Boone's original complaint focuses on the general processing of his administrative remedy procedure ("ARP") grievances. His supplemental complaint raises a First Amendment religious exercise claim and a Fourteenth Amendment due process claim regarding the taking of his property. Warden Morgan's response only addresses the grounds raised in the original complaint. He argues, and it remains uncontroverted, that Boone filed twenty-nine ARPs while confined at WCI and they were all handled according to directives. Six ARPS were withdrawn, nine were dismissed for administrative reasons, eleven were investigated and dismissed, and two remain under investigation. ECF No. 17, Ex. A at Shimko Decl. and attached exhibits. Morgan claims that Boone has not filed any grievance alleging that WCI officials are forcing him to sign off on his ARPs or that his ARPS are being improperly investigated. *Id*.

Morgan argues that the complaint is subject to dismissal because Boone has failed to: state a claim of personal or supervisory liability or show alleged damages caused by Morgan's behavior; offer facts in support of his claim of a conspiracy; and show he has a constitutional right to an administrative remedy and demonstrated exhaustion of his remedies. Based upon the unopposed record, arguments and applicable law and statute, the court concurs.

To the extent Boone complains that Morgan is subject to liability under 42 U.S.C. § 1983 based upon the decision-making process affecting WCI ARPs, the court finds no constitutional claim. Boone has no constitutional right to an administrative remedy or grievance process, whether or not it is established by a state agency. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, he has failed to show damages or injury from the alleged handling of his grievances.

In addition, no personal liability has been established against Morgan. To establish supervisory liability on the part of the Warden, Boone must show that: (1) the Warden had actual or

constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the Warden's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the Warden's inaction and the particular constitutional injury suffered by Boone. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994). Boone has provided no evidence demonstrating any of these factors.

Finally, the Prison Litigation Reform Act's ("PLRA") exhaustion requirement under 42 U.S.C. § 1997e is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 286 F.Supp.2d 523, 530 (D. Md. 2003); *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief"). In Maryland, filing a request for administrative remedy with the warden of the prison in which one is incarcerated within thirty calendar days of the incident (or of the date the inmate first gained knowledge of the incident or injury) is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.[4] Boone takes issue with the manner in which his ARPs were investigated and dismissed. Defendant claims that Boone has never grieved such an issue. Plaintiff does not dispute the allegation of non-exhaustion.

## Conclusion

For the aforementioned reasons, Morgan's responsive pleading, construed as a motion for

---

[4] If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the IGO. *See* Division of Correction Directive 185-002.VI.L-N; *see also* Md. Code

summary judgment, shall be granted in part and denied in part. For unexplained reasons, counsel for defendant neglected to address Boone's supplemental First and Fourteenth Amendment claims. Defendant shall be granted an additional period of time to respond to the claims raised in the supplemental complaint.   A separate Order follows.


Date:  November 24, 2010                        /s/
                                        Catherine C. Blake
                                        United States District Judge

---

Ann. Corr. Serv. §§ 10-201 to 10-209.